IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CIVIL ACTION** |
| : | |
| **v.** : | |
| : | |
| **MAYRA ENCARNACION MAR** : | |
| **A/K/A MAYRA ENCARNACION MARIN** : | |
| **A/K/A MAYRA I. ENCARNACION** : | |
| **MARIN** : | **NO. 15-3978** |

## MEMORANDUM OPINION

**Savage, J.**                                                                 December 2, 2015

Citing its inability to personally serve the defendant, the plaintiff United States of America moves for allowance to serve her by certified and regular mail, and posting the summons and complaint at one of three addresses where the defendant may reside. Because its efforts to locate the defendant were insufficient and it has not established that the defendant resides at that address, we shall deny the motion.

An individual may be served by either delivering the summons and a copy of the complaint personally to the defendant or leaving copies at the person's dwelling or usual place of abode with someone of suitable age. Fed. R. Civ. P. 4(e). According to the plaintiff, the process server was unable to serve the defendant personally. Relying upon Pennsylvania law, the plaintiff seeks permission to serve the defendant by alternate means. Pa. R. Civ. P. 430(a).

There is no federal rule providing for alternative service. However, by virtue of Fed. R. Civ. P. 4(h)(1)(A), which permits any method of service allowed by the state in which the judicial district is located, Pennsylvania Rule of Civil Procedure 430 opens the

door for alternative service. That rule provides that "the plaintiff may move the court for a special order directing" an alternative method of service. R. 430(a).

Rule 430 does not explicitly state the prerequisites for obtaining an order for alternative service. However, it requires the plaintiff to submit "an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." *Id.* Implicit in this requirement is the plaintiff's obligation to make both a good faith effort to locate the defendant and a practical effort to serve the defendant.

Alternative service is only appropriate as a "last resort" when personal service cannot be made. *Johnson v. Berke Young Int'l LLC*, No. 07-2240, 2007 WL 3010531, at *1 (E.D. Pa. Oct. 12, 2007) (citing *Grove v. Guilfoyle*, 222 F.R.D. 255, 256 (E.D. Pa. 2004)). In other words, the plaintiff must establish that personal service cannot be made before it will be permitted to serve a defendant by an alternative method.

Before alternative service is deemed sufficient, the plaintiff must demonstrate that: (1) it made a good faith effort to locate the defendant; (2) it made practical efforts to serve the defendant under the circumstances; and (3) its proposed alternate means of service is "reasonably calculated to provide the defendant with notice." *Premium Payment Plan v. Shannon Cab Co.*, No. 04-4669, 2007 WL 2319776, at *2 (E.D. Pa. Aug. 13, 2007). If the plaintiff does not satisfy the first requirement, there is no need to consider the others.

The note to Rule 430 provides a non-exhaustive list of good faith efforts: (1) inquiries of postal authorities, including inquiries pursuant to the Freedom of Information

Act, 39 C.F.R. Part 265; (2) inquiries of relatives, neighbors, friends and employers of the defendant; and (3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records.  Other efforts include "searching the Internet, calling telephone directory assistance, and hiring private investigators or skip tracer services."  *Barbosa v. Dana Capital Grp., Inc.*, No. 07-1724, 2009 WL 902339, at *5 (E.D. Pa. Mar. 31, 2009) (citations omitted).  Unless the plaintiff uses most of these methods, efforts to locate a defendant are deemed insufficient.  *Id.*; *Johnson*, 2007 WL 3010531, at *1.  In short, a good faith effort requires more than a "mere paper search."  *Deer Park Lumber, Inc. v. Major*, 559 A.2d 941, 946 (Pa. Super. 1989).

Here, the plaintiff has not provided sufficient evidence of the defendant's last known address.  Indeed, its efforts to locate the defendant resulted in three possible addresses.  After unsuccessfully attempting to serve the defendant at an address at Kip Street, Philadelphia,[1] the plaintiff hired a private investigation service to locate the defendant.[2]  The investigation included an employment search, credit header inquiry, death records review, driver's license search, post office FOIA inquiry, military and prison searches, two phone calls to "possible neighbors," and two phone calls to "possible" numbers of the defendant.[3]  The local post office reported that the defendant had a mailing address of 2731 North Howard Street, Philadelphia, PA 19133.[4]  However, a credit header inquiry revealed a post office box in Rio Grande, Puerto Rico,

---

[1] Pl.'s Mot. for Service by Posting and Certified Mail, ("Mot. Alt. Serv."), ¶¶ 3-4 (Doc. No. 2).

[2] Mot. Alt. Serv., Ex. B (Doc. No. 2-1).

[3] *Id.*

[4] *Id.*

as the defendant's "latest address" as of September 2015.[5] The post office in Rio Grande confirmed this mailing address was good but withheld any more information.[6] The plaintiff made no effort to locate the defendant in Puerto Rico where the investigation had led.

Although the plaintiff seeks to alternatively serve the defendant at the Kip Street address, the plaintiff has not established this location as the defendant's last known address. On the contrary, the investigation noted this address was valid only until June 2015.[7] No inquiry of voter registration records or tax records occurred. No contact with relatives or friends was attempted. Furthermore, the two phone calls to "possible neighbors" yielded disconnected service and a wrong number.[8] Two phone calls to "possible" numbers for the defendant ended in disconnected service and a message left on a generic voicemail not connected to the defendant.[9] There was no confirmation that these were the defendant's assigned numbers. In short, nothing the plaintiff has presented shows where the defendant may be served.

Considering these superficial attempts, we conclude the plaintiff has not made a good faith effort to locate the defendant. Therefore, we shall deny the motion.

---

[5] *Id.*

[6] Mot. Alt. Serv., Ex. C.

[7] Mot. Alt. Serv., Ex. B.

[8] *Id.*

[9] *Id.*